UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-20083-GAYLES/TORRES

**FRANKLIN H. DUNN**,

    Plaintiff,

v.

**NCL (BAHAMAS) LTD.,**
**d/b/a NORWEGIAN CRUISE LINE**,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court upon NCL (BAHAMAS) Ltd.'s ("NCL") Motion to Dismiss Plaintiff's Complaint (the "Motion") [ECF No. 7]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is **GRANTED**.

**I.    BACKGROUND**[1]

    **A.    Factual Background**

On January 11, 2022, while aboard the NCL *Norwegian Bliss*, Plaintiff tripped and fell due to a misplaced deck chair and was injured. [ECF No. 1 ¶ 16]. After the fall, Defendant's employees placed Plaintiff on a board to transfer him to a gurney. *Id.* ¶ 24. Defendant's employees then dropped Plaintiff, causing him to suffer further injury. *Id.* ¶ 25.

In a single count, Plaintiff alleges that Defendant was negligent by committing one or more of the following acts or omissions (the "Risk Creating Conditions"):

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

1. Failing to provide reasonably safe conditions for Plaintiff during his voyage;
2. Dropping Plaintiff during medical transport;
3. Failing to secure Plaintiff to the board using a belt, strap, or other means prior to lifting him;
4. Failing to have a proper stretcher team;
5. Failing to provide a reasonably safe medical transport;
6. Failing to properly train, instruct, and supervise the medical transport team;
7. Failing to provide a wheelchair to medically transport Plaintiff;
8. Failing to listen to or follow the instructions of Plaintiff, who is a trained paramedic;
9. Failing to have adequate policies and procedures regarding medical transport;
10. Failing to follow its policies and procedures regarding medical transport;
11. Failing to select reasonable deck chairs without protruding legs;
12. Placing the deck chairs in an unreasonable manner on the deck to create a trip hazard;
13. Failing to have adequate policies and procedures regarding deck chairs and their placement;
14. Failing to follow its policies and procedures regarding deck chairs and their placement;
15. Failing to enforce procedures or prevent hazards;
16. Failing to provide adequate training/instructions for employees regarding deck chairs and medical transport;
17. Failing to reasonably and safely medically transport Plaintiff;
18. Failing to provide adequate supervision for employees to prevent trip hazards and medical transport incidents;
19. Failing to provide prompt, proper, or adequate medical care to Plaintiff after the incident;
20. Violating the ISM Code and/or Defendant's SMS;[2]
21. Failing to provide adequate instructions/warnings;
22. Failing to use reasonable care to provide and maintain a proper and safe walking area in the area of the trip and fall incident;
23. Failing to promulgate and enforce reasonable rules and regulations to ensure the safety of the passengers while traversing the deck;
24. Failing to promulgate and enforce reasonable rules and regulations to ensure the safety of the passengers during medical transport;
25. Failing to ascertain the cause of prior similar accidents to take measures to prevent their re-occurrence;
26. Failing to follow sound safety practices;
27. Failing to have appropriate warnings or signs warning of danger;
28. Prior to Plaintiff's incident, failing to investigate hazards to passengers and take steps to minimize the hazard.

---

[2] Plaintiff does not define the ISM Code or Defendant's SMS.

*Id.* ¶ 48. Relying on unnamed prior incidents of deck chair trip and falls and negligent medical transports, Plaintiff alleges that Defendant knew or should have known of the Risk Creating Conditions. *Id.* ¶¶ 37, 38, & 51.

### B. Procedural History

On January 9, 2023, Plaintiff brought this action against Defendant, alleging one count of negligence ("Count I"). On February 13, 2023, Defendant moved to dismiss arguing (1) Plaintiff's Complaint is a shotgun pleading in violation of Federal Rules of Civil Procedure 8 and 10, and (2) Plaintiff fails to adequately allege actual or constructive notice. [ECF No. 7].

## II. LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

### III.     DISCUSSION

#### A.     Plaintiff's Complaint is a Shotgun Pleading

A complaint that violates Federal Rule of Civil Procedure 8 is "often disparagingly referred to as [a] shotgun pleading[]." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal quotation marks omitted). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1322; (3) fails to "separate[] into a different count each cause of action or claim for relief," *id.* at 1323; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.* Shotgun pleadings "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests . . . and waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (citations omitted).

The Complaint must be dismissed because it violates the third *Weiland* category by failing to separate each cause of action into different counts. Specifically, Paragraph 48 of the Complaint alleges twenty-eight substantially different ways in which Defendant breached the duty of care it owed to Plaintiff. Courts in this District have recognized that each alleged breach of the duty of care must be pled separately. It is not sufficient to cast a wide net of purported breaches in an attempt to keep one negligence claim afloat. *See Al-Hindi v. Royal Caribbean Cruises, LTD.*, No.

22-24032-CIV, [ECF No. 16] (S.D. Fla. March 14, 2023); *see also Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 2592914, at *10 (S.D. Fla. Apr. 23, 2021) (collecting cases). Accordingly, the Complaint shall be dismissed.[3]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant NCL (BAHAMAS) Ltd.'s Motion to Dismiss, [ECF No. 7], is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED without prejudice**.

3. Plaintiff may request leave to file an amended complaint on or before **July 7, 2023**. Failure to do so may result in the Court dismissing this action **with prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of June, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

---

[3] Because the Court is dismissing the Complaint as a shotgun pleading, it does not address the parties' arguments as to whether notice is required or, relatedly, whether Plaintiff has actually alleged a claim for vicarious liability. The Court notes that, to the extent Plaintiff is required to allege notice, the Complaint fails to allege with sufficient particularity that Defendant had actual or constructive notice of the Risk Creating Conditions that caused Plaintiff's injury. Indeed, all of Plaintiff's allegations regarding notice are conclusory and lack any detail about how Defendant knew or should have known about the Risk Creating Conditions.